UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | | |
|---|---|---|
| **SCOTT M. FAVATA** | ) | |
| **KRISTINA S. MULLEN** | ) | Case No.:   5:23-CV-1549 (BKS/TWD) |
| | ) | |
| Plaintiff(s), | ) | **Jury Trial Demanded** |
| | ) | |
| v. | ) | |
| | ) | |
| JD MOTORS | ) | |
| **CREDIT ACCEPTANCE** | ) | |
| **CORPORATION** | ) | |
| | ) | |
| Defendant(s), | | |

## COMPLAINT

Plaintiff Kristina S. Mullen ("Ms. Mullen") and Scott M. Favata bring this action against Defendant(s) JD Motors and Credit Acceptance Corporation ("CAC") and allege(s) as follows:

### INTRODUCTION / PRELIMINARY STATEMENT

1.      This is a case about a young couple's dream of owning their first vehicle together turning into a financial nightmare. The couple, new to the complexities of auto financing, fell prey to the predatory practices of a JD Motors, known for its smooth-talking salespeople. At the helm was Christoppher Mastantuono, a car dealer with a reputation for pushing deals that seemed too good to be true.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE:  (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

2.      Lured by the promise of a hassle-free purchase, the couple found themselves

entangled in an opaque web of financial manipulation masterminded by Credit

Acceptance Corporation, a subprime lender with a history of exploitative loan

terms. The lender specializes in targeting unsuspecting buyers with exorbitant

costs and hidden fees.

3.      The deal, initially presented as an affordable monthly payment plan, has since

spiraled into a budget-crushing debt trap. The vehicle, a 2015 GMC F-150 with a

dubious history, was sold at a significantly inflated price, masked by the allure of

affordable monthly payments and representations about the truck's condition.

The loan agreement, laden with complex terms and steep penalties, was

designed to maximize profit at the expense of the couple's financial stability.

4.      As the young couple struggles to keep up with the payments, their story sheds

light on the darker side of the auto industry, where unethical dealers and lenders

collaborate to exploit the dreams of the unwary. Their experience serves as a

cautionary tale about the importance of understanding the fine print and the

risks of subprime auto loans.

5.      Ms. Mullen and Mr. Favata seek redress for the Defendants' violations related to,

among other things, fraudulently, negligently, or deceptively representing the

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

vehicle's true condition to the Ms. Mullen and Mr. Favata during the sales process and after delivery, and charges for goods and services not delivered to Ms. Mullen and Mr. Favata as agreed, all in contravention of Federal or New York State law.

6.      Ms. Mullen and Mr. Favata seek actual damages, statutory damages, coincidental damages, incidental damages, punitive damages, declaratory relief, costs, and attorney fees.

## JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction over this action because it is brought under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(e). This action also presents a federal question, 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims because they form part of the same case or controversy with the federal claims, 28 U.S.C. § 1367(a). The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

2.      This Court has personal jurisdiction over the Defendants because they transact significant amounts of business in New York with New York State residents, they have sufficient contacts with New York, and they otherwise intentionally avail themselves of New York State laws and markets by conducting its substantial business activities here.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

3.      This Court has personal jurisdiction over JDM because the causes of action arise from JDM's conduct of business in this state; JDM contracts to provide goods or services in this state; and because JDM has committed statutory violations, common law violations, and tortious violations within this state causing injury to Ms. Mullen and Mr. Favata within this state, 12 U.S.C. § 5564(f), CPLR § 302.

4.      This Court has personal jurisdiction over CAC because the causes of action arise from JDM's conduct of business in this state; CAC contracts to provide goods or services in this state; and because CAC has committed statutory violations, common law violations, and tortious violations within this state causing injury to Ms. Mullen and Mr. Favata within this state, 12 U.S.C. § 5564(f), CPLR § 302.

5.      Venue is proper in this district because the transaction, acts, practices, and course of conduct at issue occurred within this district and because both Defendants JDM and CFC conduct business within this district, 28 U.S.C. § 1391(b)(2); 12 U.S.C. § 5564(f).

6.      Venue is also proper in this District because Ms. Mullen and Mr. Favata resided within New York when the transaction giving rise to this action occurred, Ms. Mullen and Mr. Favata regularly engaged in interstate commerce within New York, and Defendants regularly transact business here.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

7.    Defendant CAC has transacted business within New York State by providing

thousands of New York consumers with automobile loan servicing via the mails,

internet and telephone systems located in New York.

## PARTIES

1.   Ms. KRISTINA MULLEN and Mr. SCOTT FAVATA ("Ms. Landry and Mr.

Barnhart") are the Plaintiffs, individuals, consumers, and were New York State

residents when the transaction giving rise to this transaction occurred.

2.   Defendant JDM is a Retail Motor Vehicle Dealer.

3.   At all times relevant to this Complaint, JDM is a covered person because it sold a

motor vehicle to the Plaintiffs, and it originated Ms. Landry's auto finance loan to

purchase that vehicle.

4.   Defendant Credit Acceptance Corporation ("CAC") is an auto finance lender in

the subprime market incorporated in Michigan and headquartered at 25505 West

12 Mile Road, Southfield, Michigan 48034. CAC has done business in New York

State since 2015 or earlier.

5.   At all times relevant to this Complaint, CAC was a covered person because it

purchased, acquired, and serviced Ms. Landry's auto finance loan from JDM, and

because it collected debt. 12 U.S.C. § 5481(6), 15(A)(I), 15(A)(x). CAC's loan to Ms.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

Landry was "offered or provided for use by consumers primarily for personal, family, or household purposes." 12 U.S.C. § 5481(5).

## CAUSES OF ACTION

### Count 1 – TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

8.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

9.    The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

a.    By failing to provide the required disclosures **prior** to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 1026.17(b) [formerly § 226.17(b)].

b.    By failing to make required disclosures, including the number of payments (sixty – six (66) $769.12 payments, annual percentage rate and finance charge, clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 1026.17(a) [formerly § 226.17(a)].

10.   By reason of the aforesaid violations of the Act and Regulation Z, Defendant is liable to Plaintiffs in the amount of twice the finance charge or $2000, whichever is

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

less, actual damages to be established at trial, and attorney fees and costs in accordance with 15 U.S.C. § 1640.

<h3 style="text-align:center">Count 2 – Breach of the Implied Warranty of Merchantability</h3>

11.  Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.  JDM is a seller and a merchant with respect to motor vehicles such as the F-150.

13.  On or about **December 9, 2022**, Ms. Mullen executed a RIC to purchase the F-150 from JDM, while JDM registered the F-150 to Mr. Favata; she and Mr. Favata took delivery of the F-150 on **December 9, 2022**.

14.  An implied warranty that the goods were merchantable arose by operation of law as part of the sale of the F-150 to Ms. Mullen and Mr. Favata.

15.  JDM breached the implied warranty of merchantability because the goods were not in merchantable condition when sold or at any time thereafter and were not fit for the ordinary purposes for which such goods were used.

16.  These breaches of the implied warranty of merchantability rendered the F-150 substantially impaired by defects, unable to serve as a reliable form of daily transportation for Ms. Mullen and Mr. Favata, unmerchantable because of

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

inconsistent or erratic performance, as failing to perform as reasonable consumers such as Ms. Mullen and Mr. Favata would expect, even if they drive in the F-150.

17.    Similarly, these implied warranty of merchantability breaches rendered the F-150 **unable to pass without objection in the trade** under the contract description because a significant amount of the buying public would object to buying a motor vehicle such as the F-150 with the defects mentioned in this Complaint.

18.    JDM also knew when Ms. Mullen and Mr. Favata were purchasing the F-150, they must have relied on JDM's skill or judgment in selecting or furnishing a merchantable motor vehicle.

19.    Ms. Mullen and Mr. Favata first notified JDM of the various defects in the goods on or about **December 9, 2022**.

20.    Because of JDM's breach of the implied warranty of merchantability, Ms. Mullen and Mr. Favata have suffered damages of at least $50,761.92, which represents the difference between the value of the goods as delivered and the value they would have had if the goods had been delivered as warranted.

21.    Upon information and belief, JDM's breach also caused Ms. Mullen and Mr. Favata incidental and consequential damages.

### Count 3 - Breach of the Implied Warranty of Serviceability
### (*i.e.*, Vehicle & Traffic Law Section (*i.e.*, VTL § 417) & 15 NYCRR § 78.13(b))

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

22.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs

of this Complaint as though fully stated herein.

23.    Ms. Mullen purchased the F-150 from JDM, which assigned or sold her auto

finance loan to CAC.

24.    JDM represented to Ms. Mullen and Mr. Favata before they took delivery that the

F-150 was safe for use on New York State roadways and reinforced that

representation by putting a New York State motor vehicle safety inspection sticker

on the F-150 before allowing Ms. Mullen and Mr. Favata to take delivery of the F-

150.

25.    Defendant JDM breached the implied warranty of serviceability under New York

State Vehicle & Traffic Law Section 417 by delivering the F-150 with a rusted

frame, making the F-150 unsafe for use on New York State roadways.

**Count 4 – Magnuson – Moss Warranty Act (*i.e.*, Mag – Moss) Violation**

26.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs

of this Complaint as though fully stated herein.

27.    Ms. Mullen and Mr. Favata are consumers who purchased a product, in this case,

the F-150, a vehicle, from the Defendant JDM.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

28. Upon information and belief, the Defendant JDM provided a written warranty to Ms. Mullen and Mr. Favata.

29. The F-150 was not of merchantable quality, meaning it did not pass without objection in the trade, as explained in the cause of action for breach of the implied warranty of merchantability set forth above.

30. Defendant JDM breached an express warranty in violation of Vehicle & Traffic Law § 417 by representing that the vehicle was safe for travel on New York State roadways even though it had a rusted frame meaning the F-150 should not or would not legally pass a New York State safety inspection.

31. Ms. Mullen and Mr. Favata has suffered damages as a result of the Defendant's breach of warranty.

32. Ms. Mullen and Mr. Favata provided notice to Defendant JDM of the breach of warranty and allowed Defendant JDM a reasonable opportunity to cure the breach.

**Count 5 – General Business Law Section (*i.e.*, GBL § 349) Violation**

33. Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

34.    JDM and CAC conducted trade and commerce in New York and elsewhere within the meaning of GBL 349 at all relevant times material to Ms. Mullen and Mr. Favata' claims.

35.    JDM is engaged in, among other things, the sale of motor vehicles and the repair services, and products used to make those repairs to those vehicles for the consuming public, including Ms. Mullen and Mr. Favata.

36.    CAC is engaged in, among other things, the purchase or acquisition of auto finance loans from dealerships such as JDM, and then servicing those loans, including debt collection, for borrowers such as Ms. Mullen and Mr. Favata.

37.    Upon information and belief, Defendant JDM dealt with Ms. Mullen and Mr. Favata as they would have with any customer contacting JDM to purchase or to repair a motor vehicle.

38.    Upon information and belief, Defendant CAC dealt with Ms. Mullen and Mr. Favata as they would have with any customer paying off an auto finance loan CAC bought from a dealership.

39.    Upon information and belief, Defendant JDM sold the F-150 and repair services and related products for the F-150 to Ms. Mullen and Mr. Favata with standard

**DOMBROW LAW FIRM**
499 South Warren Street, Suite 405, Syracuse, New York 13202 – 2609
Telephone: (315) 409 – 7709 / Text: (315) 299 – 3535
www.DombrowLawFirm.com

documents presented to any customer upon an agreement to sell those vehicles and services to any similarly situated customer.

40.    Upon information and belief, Defendant CAC services the loan and provides related services for that loan to Ms. Mullen and Mr. Favata with standard documents presented to any customer upon an assignment of that customer's loan from a selling dealer.

41.    Upon information and belief, the sale of motor vehicles and repair services and products to make those repairs for motor vehicles is not unique to JDM and Ms. Mullen and Mr. Favata, was not private in nature, or a "single shot transaction."

42.    Defendant JDM's conduct had or potentially had an impact on consumers at large by misrepresenting the quality of motor vehicles sold to the consumer public to get them to purchase those vehicles; Defendant CAC's conduct had an impact on consumers at large by misrepresenting, as part of a continuing pattern and practice it engages in not only with Ms. Mullen, but also other New York State consumers, they had an obligation to continue to make payments on loans for unroadworthy vehicles when CAC could have canceled the loans or taken other steps to alleviate the consumers' financial difficulties.

**DOMBROW LAW FIRM**
499 South Warren Street, Suite 405, Syracuse, New York 13202 – 2609
Telephone: (315) 409 – 7709 / Text: (315) 299 – 3535
www.DombrowLawFirm.com

43.    Upon information and belief, the servicing of auto finance loans is not unique to

CAC and Ms. Mullen and Mr. Favata, was not private in nature, or a "single shot

transaction."

44.    JDM failed to provide Ms. Mullen and Mr. Favata with a copy of the Retail

Installment Contract ("RIC") and the Vehicle Service Contract / Application

(VSC/A) **before** having them execute those documents.

45.    JDM violated 15 NYCRR §78.13(a)(1) because it failed to provide Ms. Mullen and

Mr. Favata with the DMV Form MV – 50 (*i.e.*, Retail Certificate of Sale) when they

took delivery of the F-150.

46.    JDM also failed to provide Ms. Mullen and Mr. Favata with DMV Form MV – 103

(*i.e.*, Odometer & Damage Disclosure Statement) to her when she took delivery of

the F-150.

47.    Defendant JDM failed to disclose to Ms. Mullen and Mr. Favata the F-150 before

selling the F-150 to them that it had an estimated $20,000.00 in frame damage that

rendered the F-150 practically worthless, except possibly as scrap metal.

48.    Defendant JDM committed 1 or more of the following unfair or deceptive acts or

practices, which remain uncured, including, but not limited to:

a.    breach of express or implied warranties;

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE:  (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

b.    Magnuson – Moss Warranty Act violations;

c.    representing the subject of a consumer transaction has performance, characteristics, accessories, uses, or benefits, the subject does not have and which the supplier knows or should reasonably know the subject does not have;

d.    delivering the F-150 to Ms. Mullen and Mr. Favata in a condition that would not pass without objection in the trade or was not fit for ordinary purposes of use;

e.    delaying or stalling in the performance of a legal obligation;

f.    representing defects would be repaired without following through to do so.

### Count 6 – Negligence

49.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.    The foregoing acts and omissions of Defendant JDM and its agents constitute negligence with respect to Ms. Mullen and Mr. Favata.

51.    Ms. Mullen and Mr. Favata is entitled to actual damages and reasonable attorney's fees and costs pursuant to New York Law, from Defendants herein because of Defendant JDM's negligence.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

## Count 7 – Breach of Contract

52.  Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.  Ms. Mullen and Mr. Favata had a contract consisting of Defendant JDM's offer to sell them the F-150 and Extended Service Contract, Ms. Mullen and Mr. Favata' acceptance of that offer, and consideration exchanged between the parties.

54.  Defendant JDM's foregoing acts and omissions, and those of its agents, constitute breach of contract with respect to Ms. Mullen and Mr. Favata.

55.  Defendant JDM's breach of contract entitles Ms. Mullen and Mr. Favata to actual damages and reasonable attorney's fees and costs pursuant to New York Law, from Defendants herein.

## Count 8 – Unjust Enrichment

56.  Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.  Defendant CAC has been unjustly enriched by retaining Ms. Mullen and Mr. Favata's monthly payments.

58.  Defendant CAC was not entitled to that benefit.

59.  It would be unjust to allow Defendant CAC to retain that benefit.

60.  Ms. Mullen and Mr. Favata are entitled to judgment against Defendant CAC in an

DOMBROW LAW FIRM
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

amount to be proven at an arbitration hearing for this unjust enrichment.

### Count 9 – Respondeat Superior

61.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs

of this Complaint as though fully stated herein.

62.    Defendant JDM's acts and omissions, and those Defendant employed, who were

Defendants JDM's employees and agents, and who represented Defendants as

further described herein, were committed within the time and space limits of their

agency relationship with their principal, the Defendant JDM.

63.    Defendant JDM's acts and omissions, and those of the others were incidental to,

or of the same general nature as, the responsibilities employees or agents

Defendant JDM authorized to perform services for persons like Ms. Mullen and

Mr. Favata.

64.    By committing these acts and omissions with respect to Ms. Mullen and Mr.

Favata, Defendant JDM and the others were motivated to benefit their principal,

the Defendant.

65.    Defendant JDM is therefore liable to Ms. Mullen and Mr. Favata through the

Respondeat Superior Doctrine for the intentional and negligent acts, errors, and

omissions done in violation of law by Defendant and its employees and agents,

including but not limited to all of the violations of laws as more fully described

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE:  (315) 409 – 7709 / TEXT:  (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

herein, in their provision, and failure to properly provide services to Ms. Mullen and Mr. Favata.

### Count 10 - FTC Holder Rule Liability

66.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67.    On or about **December 9, 2022**, JD Motors subsequently assigned the RIC to the Defendant Credit Acceptance Corporation.

68.    Defendant CAC became the holder of the Retail Installment Contract (RIC) for the F-150 Ms. Mullen and Mr. Favata purchased from Defendant JDM upon this assignment.

69.    RIC Page 4 of 5 contains the following language, in BOLD CAPITAL LETTERS:

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

70.    JDM engaged in deceptive acts or practices that violate the Federal Trade Commission Act, the Truth in Lending Act, and the Magnuson-Moss Warranty Act, with respect to the sale of the vehicle to the Plaintiffs.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

71.    Defendant JDM' deceptive acts or practices , including but not limited to,

expenses related to repairs and replacements of parts, loss of use, and decreased

resale value of the vehicle caused Ms. Mullen and Mr. Favata to suffer damages.

72.    Defendant CAC is liable under the FTC Holder Rule for JDM's conduct in the

sale of the F-150 to the Plaintiffs, as CAC is a holder of the retail installment sales

contract.

**Count 11 - New York State Motor Vehicle Retail Installment Act Assignee Liability
(Personal Property Law § 302)**

73.    Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs

of this Complaint as though fully stated herein.

74.    On or about **December 9, 2022**, JD Motors subsequently assigned the RIC to the

Defendant Credit Acceptance Corporation.

75.    Defendant CAC became the holder of the Retail Installment Contract (RIC) for the

F-150 Ms. Mullen and Mr. Favata purchased from Defendant JDM upon this

assignment.

76.    Defendant JDM' deceptive acts or practices , including but not limited to,

expenses related to repairs and replacements of parts, loss of use, and decreased

resale value of the vehicle caused Ms. Mullen and Mr. Favata to suffer damages.

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

77. Defendant CAC is liable under Personal Property Law § 302 for JDM's conduct in the sale of the F-150 to the Plaintiffs, as CAC is a holder of the retail installment sales contract, exclusive of attorney fees and costs the court may award.

## DECLARATORY RELIEF

78. Ms. Mullen and Mr. Favata incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. An actual controversy has arisen and now exists between Ms. Mullen, Mr. Favata and the Defendants concerning their respective rights and duties in that Ms. Mullen and Mr. Favata contend that Defendants breached their contract with Ms. Mullen and Mr. Favata and violated state and federal law, and whereas Defendants apparently dispute this contention and by their conduct contend that they have no duties to Ms. Mullen or Mr. Favata.

80. Ms. Mullen and Mr. Favata desire a judicial determination of Defendants' rights and duties, and if it so exists, the extent of Ms. Mullen's and Mr. Favata's liability to the Defendants, if any, and vice versa.

81. A judicial declaration is necessary and appropriate at this time under the circumstances so that Ms. Mullen and Mr. Favata may their rights and duties

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

because their personal business affairs are seriously impaired, and Ms. Mullen and

Mr. Favata are otherwise suffering a financial burden by this unsettled state of

affairs.

82.   Ms. Mullen and Mr. Favata have already suffered from damage by having to

thousands of dollars into repairing the F-150, which would be against the

diagnosing repair facility's advice, making monthly payments on the loan

Defendant CAC services for a vehicle they cannot drive.

83.   Declaratory relief is therefore appropriate in order to bring peace to the parties

and prevent Defendants from causing further unwarranted and unjust damage to

Ms. Mullen and Mr. Favata.

**PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Mullen and Mr. Favata request that this Court enter judgment

in her favor and against Defendants and award the following:

a)   Adjudging and decreeing that Defendants have engaged in the conduct

alleged above, entering Judgment in favor of Ms. Mullen and Mr. Favata;

b)   All actual compensatory damages suffered;

c)   Actual, statutory, and punitive damages allowable under 15 U.S.C.

§1640(a), and subsequent regulations, as set forth in TILA;

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

d)      Actual damages; Statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of the Defendants' pattern or practice of noncompliance;

e)      for an award of actual damages in an amount based upon the value funds taken from Ms. Mullen and Mr. Favata, plus interest from the time of Defendants' conversion;

f)      for actual and compensatory damages for Negligence in a reasonable amount to be determined by the Court, against Defendant;

g)      for actual and compensatory damages, expectancy damages, costs of litigation and attorney's fees for Breach of Contract in a reasonable amount to be determined by the Court, against Defendant;

h)      for actual and compensatory damages, expectancy damages, costs of litigation and attorney's fees for Breach of Good Faith and Fair Dealing in a reasonable amount to be determined by the Court, against Defendant;

i)      for attorney's fees and costs of suit as provided by state and federal law;

j)      for both pre- and post-judgment interest at the maximum allowable rate on

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

any amounts awarded;

k)      for all other recoveries and fees otherwise permitted by these claims and by

        law; and

l)      for an award of punitive damages from Defendants pursuant to applicable

        state or federal law, in an amount to be determined at trial;

m)      for a judgment and decree and decree that Defendant JDM has engaged in

        the conduct alleged above, entering Judgment in favor of Ms. Mullen and

        Mr. Favata;

n)      for all actual compensatory damages suffered; and

o)      and for such other and further relief as may be just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of

my knowledge, information, and belief that this complaint: (1) is not being presented for

an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary support

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM

after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:    Syracuse, New York
          December 9, 2023

/s/ *Russell W. Dombrow*

Russell W. Dombrow, Esquire
NDNY Bar Number 516948
Attorney for Plaintiff
**DOMBROW LAW FIRM**
499 South Warren Street, Suite 405
Syracuse, New York 13202 – 2609
Telephone:    (315) 409 – 7709
Facsimile:    (315) 409 – 7705*
*- Fax Service Not Accepted*
Email:  Russell@DombrowLawFirm.com

**DOMBROW LAW FIRM**
499 SOUTH WARREN STREET, SUITE 405, SYRACUSE, NEW YORK 13202 – 2609
TELEPHONE: (315) 409 – 7709 / TEXT: (315) 299 – 3535
WWW.DOMBROWLAWFIRM.COM